## Robinson *v.* Quarles et al.—Quarles et al. *v.* Robinson.

Action against a partnership to recover the proceeds of merchandize shipped to one of its members, before its formation, for sale on account of the shipper. It was alleged that the partnership subsequently undertook to sell and account for the shipment; and on the trial plaintiff produced letters written in the name of the partnership acknowledging the receipt of the merchandize. Defence that the letters were written by the partner to whom the

shipment was made; that the acknowledgments were fraudulent and not binding on his co-partner, who was ignorant of them: *Held* that, after the production of the letters, the burden of proving fraud was on the defendants.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

F. B. *Conrad*, for the appellant *Robinson*, cited Story on Partnership, p. 161, § 108. Collyer on Part. pp. 290, 296–8. Gow on Part. 56, 78, 79, 80.

*Eggleston*, contrâ, cited Civ. Code, art. 1841. Story on Part. pp. 150–160, 165, 188–90, 196–7, 202, 225, 235. 10 La. 416. 13 La. 488.

The judgment of the court was pronounced by

SLIDELL, J. The question in these consolidated cases is, whether *Quarles, Spring & Co.*, a commission house at New Orleans, are chargeable with the amount of a shipment, made before the formation of the firm, to *Quarles*, one of the partners. This old shipment was made in the spring of 1840, by the plaintiff, a merchant living in Virginia. In the fall of 1840, *Quarles & Spring*, who composed the new house, called personally on the plaintiff in Virginia, informed him of the new partnership, and solicited a continuance of his business. He became their correspondent. In his first letter he asks them about the old shipment, and hopes they will soon send him an account of sales. In his next letter he advises a new shipment, and again inquires about the old one. Of both these letters the defendants acknowledged the receipt, and expressed the expectation of soon making sales of the old shipment, explaining the difficulties which occasioned the delay in its sale. Several subsequent letters of the plaintiff's reiterated inquiries as to the old shipment, the defendants neglected to reply, and, at length, after an interval of eighteen months from the commencement of the correspondence, *Spring*, in the name of the house, informed him that they had nothing to do with *Quarles'* business. The sums for which the plaintiff drew drafts, and their acceptance and payment by the defendants, are circumstances which harmonize with the assumption of the responsibility for the old shipment by the new house. The defence is that, the correspondence between the plaintiff and defendants was conducted by *Quarles*; that the acknowledgments thus made are not binding on the house; that *Spring* was ignorant of them; and that *Quarles* has committed a fraud upon the firm, and is alone responsible to the plaintiff.

The defendants, by their interviews with *Robinson* and their commercial association, mutually recommended each other to him as worthy of confidence. The old consignment was a matter in the same line of business for which the present firm was formed, the letters written by *Quarles*, in the name of the firm, expressly acknowledged the old consignment as being under the charge of the new house; and the other attendant circumstances accorded with this representation. The evidence, though circumstantial, is cogent, that the correspondence was known to *Spring*. If he had not authorized, but on the contrary disapproved, this blending of the former business with the new business, or if the property was not really in the possession of his firm, it was his duty promptly to repudiate the responsibility, and advise *Robinson* to that effect. Eighteen months elapsed, a long correspondence intervened, and drafts much beyond the direct shipment to *Quarles, Spring & Co.*, were paid, before the position was assumed which has given rise to this controversy.

But even if it should be conceded that, under the correspondence and the attendant circumstances, the firm would still not be bound, if there was fraud

ROBINSON
v.
QUARLES.

on the part of *Quarles*, and ignorance on the part of *Spring* could be supposed consistently with the evidence, still it is clear that the burden, after the production of the correspondence and the other proofs to which we have referred, would be thrown upon the firm, to prove such fraud. This the defendants have not proved.

It is therefore decreed that in these consolidated causes the judgment of the court below be reversed; and it is further decreed that the said *Poiteaux Robinson* recover of the defendants, *Quarles, Spring & Co.*, and of *Francis Quarles & James W. Spring*, members of said firm, *in solido*, the sum of $1932 10, with interest from the 19th December, 1845, and costs in both courts.

———

NOTE.—The following cases, decided during the period embraced by this volume, presenting only questions of fact, have not been reported : *Schnaufer* v. *Simon; Good* v. *McIntyre; Jarvis* v. *Spring ; Greiner* v. *Prendergast ; Townsend* v. *Chandler ; Elken* v. *Wyndham ; Nichols* v. *Her Husband ; Hitchcock* v. *North ; Bornet* v. *David; Walton* v. *Pratt; Yoe* v. *Pratt; Kendig* v. *City Bank ; Hanna* v. *Commissioners of Exchange and Banking Company ; Gilmore* v. *Destréhan; Lambeth* v. *Freeman ; Kinlock* v. *Dinn ; Nivet* v. *Benit; Mitchell* v. *Tarlton ; McCord* v. *Cable ; Roy* v. *Debergue ; Plique* v. *Bellomé ; Wellington* v. *Wellington; Jones* v. *White ; Miller* v. *Thompson ; Weaver* v. *Fisk ; Aymes* v. *Haydel; Barker* v. *York ; Succession of Asbridge; C. Fuselier* v. *Robin ; B. Fuselier* v. *Robin ; Haulon* v. *Bonnafon ; Gary* v. *Beall ; Adlé* v. *Metoyer ; Mason* v. *Alexander ; Brigham* v. *Lambeth ; Stone* v. *Brice ; Sims* v. *Baker ; Copley* v. *Moore ; Copley* v. *Lewis ; Sims* v. *Scott ; Hammett* v. *Davis ; City Bank* v. *Barker ; Fink* v. *Lewis ; Johns* v. *Horst ; State* v. *Exchange and Banking Company ; Fazende* v. *Hogan; Smith* v. *Mississippi Marine and Fire Insurance Company ; Perrault* v. *Dupart ; Ilsley* v. *McCerren ; Boykin* v. *Curell ; St. Yves* v. *Reinè.*

The cases of *Durell* v. *Palfrey*, *Green* v. *Lippincott*, *Cayetano* v. *Holbrook*, and of the *Succession of Lombard*, determined during the same period, are not reported, damages having been allowed in each for a frivolous appeal.